FRANK C. AUSBAND, PLAINTIFF v. HERMAN S. MUSSELWHITE, DEFENDANT, THIRD PARTY PLAINTIFF v. EDWIN S. SMITH, R. D. "BILLY" MATTHEWS, AND W. E. "GENE" TART, THIRD PARTY DEFENDANTS

No. 8721SC1203

(Filed 16 August 1988)

APPEAL by plaintiff and defendant, third party plaintiff from *Albright, Judge.* Judgment entered 9 June 1987 in Superior Court, FORSYTH County. Heard in the Court of Appeals 10 May 1988.

The record indicates that the parties formed, or arranged for the formation, of The Matthews Company of Bahrain for the purpose of selling its stock to the public upon the State of Bahrain, an island in the Persian Gulf, approving such a sale, but such approval was never obtained. Among the myriad activities and transactions relating to this speculative venture and others the parties were interested in, only the following are pertinent to this appeal: In November 1981 The Matthews Company, which had issued great blocks of stock to some of the promoters, had neither capital nor credit of any consequence, and was far short of being either a going enterprise or qualified to sell stock to the public—

though plans to buy a California gold mine at a cost of 200 million dollars from the sale of the company's stock had been tentatively adopted. At that time Herman Musselwhite decided to complete the promotion himself and he negotiated the purchase of Smith's 10,000 shares of stock in the company in exchange for his note in the amount of $550,000, with the understanding that if he could not get the company approved for the public sale of its stock his note would be returned upon him returning the 10,000 shares of stock. On 2 January 1982 Smith assigned the note to R. D. Matthews, who later assigned it to plaintiff, admittedly not a holder in due course, who sued for collection. Defendant Musselwhite by his answer alleged, *inter alia*, that the conditions precedent to his liability were not fulfilled; that the note was procured by fraud; that in various ways and divers transactions, the labyrinthine details of which need not be recounted, plaintiff and third-party defendants had defrauded him and engaged in unfair trade practices; and that plaintiff and the third-party defendants, as partners in The Matthews Group, a Cayman Islands corporation, owed him $300,000 under a note given him for services rendered.

At the close of defendant's evidence all the unfair trade practices claims were dismissed, the fraud claims as to all parties except Smith were dismissed, and the case was submitted to the jury on the issues of Musselwhite's liability on the $550,000 note, the fraud claim against Smith, and Musselwhite's claim on the $300,000 note. By its verdict the jury found that Musselwhite was not liable on the $550,000 note because the conditions precedent were not fulfilled; that Smith defrauded Musselwhite in selling the stock to him but damaged him only in the amount of $1; and that the $300,000 note given to Musselwhite by The Matthews Group was without consideration. Judgment was entered on the verdict and both plaintiff Ausband and defendant, third-party plaintiff Musselwhite appealed.

*A. Carl Penny for plaintiff appellant-appellee.*

*Glover & Petersen, by James R. Glover, for defendant, third-party plaintiff appellee-appellant.*

*Kenneth Clayton Dawson for third-party defendant appellees Edwin S. Smith and R. D. "Billy" Matthews.*

*McCoy, Weaver, Wiggins, Cleveland & Raper, by Richard M. Wiggins, for third-party defendant appellee W. E. "Gene" Tart.*

PHILLIPS, Judge.

Plaintiff's appeal has no merit. His principal contentions—that the issues were so ambiguous the jury did not fathom the true nature of the controversy and their answers to the issues entitled him to a judgment in his favor as a matter of law—are contradictory and without foundation. The issues sufficiently reflect the major points in controversy between the parties and nothing in the record supports the claim that the jury did not understand them or that their answers required that judgment be entered for plaintiff. His secondary contention—that the court also erred in allowing defendant to file answer past the time allowed by a previous order—is undercut by the record which shows that the court found as a fact that the extension of time involved was agreed to by plaintiff's and defendant's attorneys and no exception was taken thereto.

Defendant, third-party plaintiff Musselwhite's appeal, likewise without merit, is also overruled. His argument that the court improperly dismissed all the unfair trade practices claims refers to no evidence that would support an unfair trade practices claim against anyone; and the argument that his fraud claims against the parties other than Smith should have been submitted to the jury is answered by the fact that instead of testifying that he relied upon anyone's representations in regard to the transactions involved, he testified that he acted largely upon his own initiative and suspected that the venture was unsound. His further contention that the no consideration issue in regard to the $300,000 note was improperly submitted to the jury is refuted by his own evidence, as well as that of the third-party defendants, to the effect that the note was given him in exchange for his promise to invest $75,000 in The Matthews Company of Bahrain, which he never did.

No error.

Judges JOHNSON and SMITH concur.